# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVEN W. REVET,

              Plaintiff,

v.

JENNIFER WINKELMAN, et al.,

              Defendants.

Case No. 3:25-cv-00170-SLG

## SCREENING ORDER

On August 8, 2025, self-represented prisoner Steven W. Revet ("Plaintiff") filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 ("Complaint") and a civil cover sheet. Plaintiff paid the filing fee.[1] Plaintiff's claims relate to events that allegedly occurred while he was serving a sentence in the custody of the Alaska Department of Corrections ("DOC"). Plaintiff alleges longstanding lower-back pain with worsening symptoms and claims DOC Commissioner Winkelman, DOC Director of Health and Rehabilitative Services Travis Welch, Wildwood Superintendent Michael Zener, Medical Advisory Committee Supervisor David Sparks, and Physician's Assistant Megan Stanley ("Defendants") have all been deliberately indifferent to his medical needs.

Plaintiff alleges that he first reported lower-back problems in January 2014 while housed at Goose Creek Correctional Center and that he continued to report

---

[1] Docket 1 ("Filing fee $405/Receipt 10002247").

those issues after his transfer to Spring Creek Correctional Center in 2018 and then to Wildwood Correctional Complex in 2022, where he is currently housed. Plaintiff alleges Defendants have denied him any lasting treatment and/or relief from his back pain and instead tell Plaintiff "to purchase Tylenol from the commissary or to continue his physical therapy."[2] Although not clearly articulated in the Complaint itself, it appears that Plaintiff's primary concern when he filed his Complaint is that DOC medical providers had decided not to proceed with medial Brach blocks that a doctor at the Kenai Spine Institute had recommended for Plaintiff in March 2025.[3] On review, the Medical Advisory Committee upheld this decision based on its review of Plaintiff's medical records. The Committee noted that Plaintiff was "not taking oral medications for pain relief as recommended by Kenai Spine Institute," had last taken Celebrex in March 2023, and Plaintiff's "[l]ast formal physical therapy was May 2024."[4] For relief, Plaintiff seeks monetary damages "in no event no less than $1,500,000.00" and an order directing DOC to implement "a plan to eliminate the substantial risk of serious harm and unnecessary wanton infliction of pain suffered by the Plaintiff as a result of Defendants' inadequate medical care."[5]

---

[2] Docket 1 at 2.

[3] Docket 1-33 at 3-12.

[4] Docket 1-35 at 1.

[5] Docket 1 at 18.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, the Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even when the prisoner has paid the filing fee in full.[6] In this screening, a district court must dismiss the complaint at any time if the court determines that the complaint:

      (i)    is frivolous or malicious;

      (ii)   fails to state a claim on which relief may be granted; or

      (iii)  seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to

---

[6] 28 U.S.C. §§ 1915, 1915A.

[7] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 3 of 15
Case 3:25-cv-00170-SLG   Document 5   Filed 01/26/26   Page 3 of 15

the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11] Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[12]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[13]

---

[8] *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell*, 266 F.3d 979 at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claim").

[12] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

[13] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 4 of 15
Case 3:25-cv-00170-SLG     Document 5     Filed 01/26/26     Page 4 of 15

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

## DISCUSSION

### I. Civil Rights Claims under Section 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[15] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[16] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[17] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[18]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits

---

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[16] *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)).

[17] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995).

[18] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[19]

## II. Inadequate Medical Care Claims under the Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.' "[20] The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."[21]

In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must plausibly allege facts showing each of the following elements with respect to each named defendant:

(1) The plaintiff had a serious medical need or faced a substantial risk of serious harm;

(2) The defendant was deliberately indifferent to that medical need or risk; that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

---

[19] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[20] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[21] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 6 of 15
Case 3:25-cv-00170-SLG   Document 5   Filed 01/26/26   Page 6 of 15

(3) The act or failure to act by that defendant caused harm to the plaintiff.[22]

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[23] Likewise, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."[24] Rather, a prisoner must show that "the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health."[25]

### III. Supervisor Liability

A supervisory government official can only be held individually liable under Section 1983 when the supervisor's own misconduct caused an alleged constitutional deprivation.[26] For a supervisor to be liable in his or her individual capacity under Section 1983, the supervisor must have personally participated in the constitutional violation, or there must be a "sufficient causal connection

---

[22] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 ("Particular Rights—Eighth Amendment—Convicted Prisoner's Claim re Conditions of Confinement/Medical Care") and the cases cited therein.

[23] *Hamby v. Hammond,* 821 F.3d 1085, 1092 (9th Cir. 2016) (quotation omitted).

[24] *Id.* (quotation omitted).

[25] *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (alterations and citation omitted).

[26] *See Iqbal*, 556 U.S. at 676, 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 7 of 15
Case 3:25-cv-00170-SLG    Document 5    Filed 01/26/26    Page 7 of 15

between the supervisor's wrongful conduct and the constitutional violation."[27] And "there can be no such supervisorial liability in the absence of an underlying constitutional violation" by a subordinate.[28]

Non-medical prison personnel are generally entitled to rely on the opinions of medical professionals with respect to the appropriate medical treatment of an inmate. Plaintiff's Complaint names Commissioner Winkelman, Travis Wlech, the Director of DOC's Health and Rehabilitative Services, Wildwood Superintendent Michael Zener, and Medical Advisory Committee Supervisor David Sparks as Defendants. But none of these persons can be individually liable to Plaintiff unless that official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that Defendant] must also draw that inference."[29] "Even if a prison official *should* have been aware of the risk, if he was not, then he has not violated the Eighth Amendment, no matter how severe the risk."[30] Plaintiff's Complaint fails to allege any facts that any of these supervisory Defendants knew that Plaintiff was at substantial risk of serious harm due to his lower back pain, and that Defendant then "knowingly fail[ed] to respond to an inmate's requests for help."[31]

---

[27] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[28] *Puente v. City of Phoenix,* 123 F.4th 1035, 1064 (9th Cir. 2024).

[29] *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc) (citation omitted) (emphasis in original).

[30] *Id.* (citation omitted).

[31] *Id.* (citation omitted).

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 8 of 15
Case 3:25-cv-00170-SLG   Document 5   Filed 01/26/26   Page 8 of 15

## IV. Statute of Limitations

A statute of limitations is a law that limits the time a plaintiff has to file a case. Section 1983 does not contain its own statute of limitations, so federal courts apply the forum state's statute of limitations for personal injury actions for Section 1983 claims.[32] In Alaska, the statute of limitations for personal injury claims is two years.[33] Because this case was filed on August 8, 2025, Plaintiff must not bring any inadequate medical care claims related to events that occurred before August 8, 2023, unless he demonstrates that he qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations.[34]

**If Plaintiff files an amended complaint that includes any claims based on medical care provided prior to August 8, 2023,** he must plausibly allege facts to demonstrate that he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable two-year statute of limitations.

## V. Plaintiff has failed to state a claim against any Defendant

Plaintiff's Complaint fails to plead sufficient facts, that accepted as true, state a claim of inadequate medical care in violation of the Eighth Amendment by PA Megan Stanley or any of the other named Defendants. "[S]ociety does not expect that prisoners will have unqualified access to health care,"[35] and Plaintiff has been

---

[32] *Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[33] Alaska Stat. § 09.10.070.

[34] *See Park v. Spayd,* 509 P.3d 1014, 1019 (Alaska 2022) (discussion the application of equitable estoppel and equitable tolling regarding the statute of limitations).

[35] *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 9 of 15
Case 3:25-cv-00170-SLG     Document 5     Filed 01/26/26     Page 9 of 15

prescribed medication, provided with lidocaine patches, and given injections.[36] Further, Plaintiff's questions regarding his health care and medications have been promptly answered by PA Stanley or other health care providers. In short, the Complaint fails to explain how PA Stanley or other health care providers or any of the other named Defendants were deliberately indifferent to Plaintiff's medical needs.[37]

For these reasons, Plaintiff's Complaint fails to state a plausible medical care claim in violation of the Eight Amendment. While it appears unlikely that Plaintiff will be able to plausibly allege a violation of the Eighth Amendment by any Defendant, Plaintiff will nonetheless be accorded leave to file an amended complaint.

## VI. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[38] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[39] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[40] An amended complaint should identify, as to each defendant, the

---

[36] *See, e.g.,* Docket 1-33 at 1, 5.

[37] See, e.g., Docket 1-38 at 1.

[38] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[39] Fed. R. Civ. P. 8(a)(2).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 10 of 15
Case 3:25-cv-00170-SLG    Document 5    Filed 01/26/26    Page 10 of 15

specific injury that the plaintiff is alleging was caused by that defendant, when that injury occurred, and where that injury occurred. The allegations of the amended complaint must be set forth in sequentially numbered short paragraphs,[41] with no paragraph number being repeated anywhere in the complaint.[42] If handwritten, it must be legible.

Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. In addition, an amended complaint must not allege time-barred claims. And an amended complaint must not include claims seeking damages against supervisors that were not aware of Plaintiff's medical condition. An amended complaint must also clearly address the specific actions Plaintiff took to administratively exhaust his timely claims and identify the dates that he took all such actions.

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed

---

544, 555 (2007)).

[41] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

[42] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 11 of 15
Case 3:25-cv-00170-SLG    Document 5    Filed 01/26/26    Page 11 of 15

beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## VII. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[43] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[44] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[45] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[46] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[47] In

---

[43] 28 U.S.C.A. § 1915(g).

[44] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[45] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[46] *Andrews,* 493 F.3d at 1056 (cleaned up).

[47] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 12 of 15
Case 3:25-cv-00170-SLG   Document 5   Filed 01/26/26   Page 12 of 15

addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[48]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED.**

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within **60 days of the date of this order**, the case this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. A Notice of Voluntary Dismissal does not count as a strike.[49]

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all

---

[48] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[49] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025)

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 13 of 15
Case 3:25-cv-00170-SLG    Document 5    Filed 01/26/26    Page 13 of 15

Court orders.[50] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[51] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If Plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

7. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send the Court important original documents or documents that cannot be replaced.[52] Copies of documents filed

---

[50] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to 'counsel' or 'attorneys' also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[51] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

[52] If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 14 of 15
Case 3:25-cv-00170-SLG    Document 5    Filed 01/26/26    Page 14 of 15

with the Court may be obtained from the Clerk's Office for 50 cents per page.[53] In the event of special circumstances or serious financial need, a litigant may ask for the copying costs to be waived or reduced, but must do so prior to accruing charges.[54]

8. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 26th day of January, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[53] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

[54] *See* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Jan. 5, 2026).

Case No. 3:25-cv-00170-SLG, *Revet v. Winkelman, et al.*
Screening Order
Page 15 of 15
Case 3:25-cv-00170-SLG   Document 5   Filed 01/26/26   Page 15 of 15